UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MARIE GUTIERREZ, | Case No. 1:23-cv-01295-HBK |
| Plaintiff, | ORDER REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[2] |
| v. | |
| MICHELLE KING, COMMISSIONER OF SOCIAL SECURITY,[1] | (Doc. Nos. 12, 16) |
| Defendant. | |

Patricia Marie Gutierrez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 12, 16-17). For the reasons stated, the Court orders this matter remanded for further administrative proceedings.

---

[1] The Court has substituted Michelle King, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

## I. JURISDICTION

Plaintiff protectively filed for disability insurance benefits on October 13, 2021, alleging an onset date of March 22, 2020. (AR 268-69). Benefits were denied initially (AR 67-83, 105-08), and upon reconsideration (AR 84-100, 119-24). Plaintiff appeared at a telephonic hearing before an Administrative Law Judge ("ALJ") on November 14, 2022. (AR 32-66). Plaintiff was represented by counsel, and testified at the hearing. (*Id*.). On November 28, 2022, the ALJ issued an unfavorable decision (AR 14-31), and on July 7, 2023 the Appeals Council denied review (AR 1-6). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 63 years old at the time of the hearing. (*See* AR 292). She has her GED. (AR 297). She lives with her brother. (AR 46). Plaintiff has work history as an office manager/loan clerk. (AR 36, 51, 61). Plaintiff testified that she could no longer do her previous work because she cannot walk and stand for very long due to increased knee pain. (AR 39-40). She testified the longest she can be on her feet before she has to take a break is 10 minutes. (AR 42). Plaintiff reported lower back pain with pain radiating down her left leg, and back spasms once a week. (AR 45-46).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.     FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*,

180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 22, 2020, the alleged onset date. (AR 19). At step two, the ALJ found that Plaintiff has the following severe impairments: left knee osteoarthritis, degenerative changes of the lumbar spine with radiculopathy and morbid obesity. (AR 19). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 20). The ALJ then found that Plaintiff has the RFC to "perform sedentary work as defined in 20 CFR 404.1567(a). She can never climb ramps or stairs, can occasionally stoop, occasionally kneel, occasionally crouch, occasionally crawl, and occasionally balance." (AR 19). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a loan clerk. (AR 25). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from March 22, 2020, through the date of the decision. (AR 26).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims;
2. Whether the ALJ properly considered the medical opinion evidence; and
3. Whether the ALJ erred at step four.

(Doc. No. 12 at 9-20).

## VII. DISCUSSION

### A. Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding

subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 22). Plaintiff argues the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's allegations of pain and physical dysfunction. (Doc. No. 12 at 16-20). The Court agrees.

Here, the ALJ generally found Plaintiff's symptom claims "inconsistent because the clinical findings, the objective evidence and the medical opinions do not support a finding of disabling limitation, as alleged." (AR 22). As an initial matter, Defendant argues the ALJ

6

"reasonably found that Plaintiff's statements were inconsistent with medical opinions that did not support a finding of disabling limitations," and in support of this argument generally cites the ALJ's consideration "later in the decision" of the state agency medical consultants' opinions that Plaintiff could perform a light range of work. (Doc. No. 16 at 9 (citing AR 78-80, 94-97)). Defendant is correct that the ALJ may reasonably rely on the lack of any corroborating medical source statement in discounting the severity of Plaintiff's subjective claims. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (contradiction with the relevant medical record was a sufficient basis for the ALJ to reject Plaintiff's subjective testimony); *Carmickle v. Comm'r of Soc. Sec.,* 533 F.3d 1155, 1161 (9th Cir. 2008); *see also Edna v. Saul*, 2020 WL 1853312, at *8 (S.D. Cal. Apr. 13, 2020) (lack of medical opinion finding Plaintiff disabled was a clear and convincing reason to reject Plaintiff's subjective allegations).

However, in considering Plaintiff's symptom claims, the ALJ must specifically identify the statements he or she finds not to be credible, and the evidence that allegedly undermines those statements. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (noting the ALJ did not specifically identify any inconsistencies between the claimant's testimony and the record; rather, "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination."). Here, the ALJ did not identify the specific testimony that he found not to be credible, nor did he offer any explanation for how the "medical opinions" undermine Plaintiff's specific symptom claims. Thus, to the extent the ALJ discounted Plaintiff's symptom claims as generally inconsistent with the medical opinions, this was not a clear and convincing reason, supported by substantial evidence, to discount her symptom claims.

Second, the ALJ generally found Plaintiff's subjective testimony regarding her lower back pain and knee pain was inconsistent with clinical notes and objective findings (AR 22); rather, the

7

1    treatment notes and objective findings "support" the assessed RFC limiting Plaintiff to sedentary
2    work with additional postural limitations. (AR 23-24). In support of this finding, as to her
3    reported lower back pain, the ALJ cited Plaintiff's denial of dizziness, gait abnormality,
4    headache, paralysis, and balance difficulty at one treatment visit (AR 23, 438); and additionally
5    referenced examination and objective findings including bilateral sacroiliac joint tenderness to
6    palpation, positive straight leg raise testing, mild bilateral lumbar paraspinous palpation,
7    tenderness of the facet joints, moderate right knee pain, positive stress test over the lumbar facet
8    joint, reduced range of motion, normal neurological findings, normal memory, denial of difficulty
9    sleeping, denial of depressed mood or anxiety, and indications that she is alert and oriented. (AR
10   23-24, 476, 496). As to her reported knee pain, the ALJ cites objective findings of moderate to
11   severe osteoarthritis of the left medial tibiofemoral compartment and mild osteoarthritis of the
12   right medial tibiofemoral compartment; and examination findings of antalgic gait, weakness in
13   quadriceps, positive crepitus and tenderness to palpation at the joint line, significant crepitus of in
14   the left hip, limited range of motion due to pain, pain with forward flexion external rotation,
15   swelling and instability, 5/5 strength, no signs of atrophy, and intact neurovascular examination.
16   (AR 23, 536, 538, 540, 542). At one of these same treatment visits, as noted by Defendant, the
17   ALJ cited findings including normal alignment, no effusion or baker's cyst, full range of motion,
18   negative Lachman, negative pivot shift, negative posterior sag sign, negative McMurray's test, no
19   pain with active compression, and no increased Q-angle negative J sign. (Doc. No. 16 at 9 (citing
20   AR 23, 538 (also noting that surgical and nonsurgical options were discussed, and Plaintiff was
21   provided a Kenalog injection)). The ALJ also noted Plaintiff was treated with ongoing cortisone
22   and Kenalog injections. (*See, e.g.*, 23, 441, 451, 474, 538, 561, 570).

23   Plaintiff argues the ALJ did not adequately explain how the objective medical evidence
24   failed to support her subjective allegations. (Doc. No. 12 at 18). The Court agrees. As outlined
25   above, the ALJ cited almost entirely abnormal objective and clinical findings in considering
26   Plaintiff's symptom claims regarding her knee and lower back. (*See* AR 23-24). Moreover, it is
27   unclear to the Court how the ALJ's references to Plaintiff's reported lack of dizziness, headache,
28   balance difficulty, and difficulty sleeping, as well as examination findings of generally normal

8

neurological findings, normal memory, denial of mental health symptoms, and indications that she is alert and oriented are relevant to Plaintiff's subjective testimony regarding pain in her lower pack and knees.  Finally, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective evidence, Plaintiff correctly notes that an ALJ may not credit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence.  (Doc. No. 12 at 19); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  As discussed above, the additional reason arguably given by the ALJ for discounting Plaintiff's symptom claims was not supported by substantial evidence.  Thus, because lack of corroboration by the objective evidence cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.  On remand, the ALJ must reconsider Plaintiff's symptom claims.

**B. Additional Assignment of Error**

Plaintiff also argues the ALJ failed to properly evaluate the medical opinion of Plaintiff's orthopedic surgeon Naseem Beauchman, M.D., and failed to properly classify Plaintiff's past relevant work at step four.  (Doc. No. 12 at 9-16).  Because the ALJ's consideration of these issues is interrelated with a reevaluation of Plaintiff's symptom claims, including a review of the medical evidence as it relates to Plaintiff's subjective complaints, the Court declines to address these challenges in detail here.

Briefly, as to step four, the Court notes that Defendant correctly identifies that "[i]n evaluating cases that found error because an ALJ classified a claimant's work according to its least demanding function, *Stacy* noted that the least demanding aspect of the claimant's past work was something they did less than half the time."  (Doc. No. 16 at 5 (citing *Stacy v. Colvin*, 825 F.3d 563, 570 (9th Cir. 2016)).  Defendant argues Plaintiff's work history report and testimony corroborate the ALJ's classification of Plaintiff's past work, and particularly relies on Plaintiff's testimony that "going through vehicles" only occurred a quarter of the workday and she moved

boxes for only an hour each day. (*Id*. at 6 (citing AR 59)). However, the Court's independent review of the Plaintiff's hearing testimony indicates that she repeatedly reported being on her feet 5 to 6 hours per work shift and lifting up to 50 pounds. (AR 37, 55, 57-58). While it is unnecessary for the Court to address whether the ALJ's overall finding at step four was supported by substantial evidence, the Court is constrained to note that it was unclear from Plaintiff's testimony whether the least demanding aspect of her past work was something she performed less than half the time. If necessary, in conducting the new sequential analysis on remand, the ALJ must obtain detailed testimony from Plaintiff regarding what percentage of the time she performed the least demanding aspect of her past relevant work.

On remand, the ALJ is instructed to reconsider Plaintiff's symptom claims and conduct a new sequential analysis, including a reassessment of the medical opinion evidence and step four, if necessary.

**C. Remedy**

Plaintiff contends that the proper remedy in this case is a remand for further administrative proceedings. (Doc. No. 12 at 20); *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). The Court agrees. Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate Plaintiff's symptom claims, as well as all relevant medical evidence, including medical opinions. The ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

////

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 12) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 16) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30) days.
5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:    February 2, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE